Ordered accordingly.

*James Everitt, Surrogate of Orange County,* ads. *The People of the State of New-York, ex. rel. Charles Beach.*

HOFFMAN moved to enter a vacatur on a rule for a peremptory *mandamus* and set aside the *mandamus* which had been issued on the following facts :

A rule was obtained in *July* term, 1802, that the defendant show cause, by *October* term, why a *mandamus* should not issue, compelling him to proceed in a cause then depending before him, concerning the will of *Thomas Beach.*

A return was made to this rule, which, from the defendant's counsel being unavoidably detained on his way to *Albany*, was not filed until the third day of *October* term.

On the first day of *October* term, *Charles Beach* attended, and obtained a rule for the *mandamus ;* and

on the third day, on filing the return, that rule was vacated.

Notice of the *vacatur* was given to the person who had acted in behalf of *Beach*, and obtained the first rule ; but *Beach* had previously left *Albany*, and the *mandamus* issued.

At the last term Mr. *Colden* was charged with the business, to make the proper application to the court, and to oppose a peremptory *mandamus*. On Mr. *Colden's* way to *Albany*, he met Mr. *Morton*, the attorney for *Beach*, when it was agreed, that all further proceedings should be stayed until the present term. Mr. *Colden*, therefore, did not further attend to the cause.

The relator, *Beach*, attended at *Albany* at the close of the term, employed other counsel, and obtained a rule for a peremptory *mandamus*, which has been issued.

Motion granted.